**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS CORP., ) <br> and INTERDIGITAL TECHNOLOGY CORP., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SAMSUNG ELECTRONICS CO., LTD. ) <br> SAMSUNG ELECTRONICS AMERICA., INC. ) <br> and SAMSUNG TELECOMMUNICATIONS ) <br> AMERICA LLC, ) <br> ) <br> Defendants. ) | Civil Action No. 07-165-JFF |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO STAY PURSUANT TO 28 U.S.C. § 1659**

Pursuant to 28 U.S.C. § 1659, defendants Samsung Electronics Co.,

Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America

LLC (collectively "Samsung") state as follows in support of their Motion to Stay this

Action:

**BACKGROUND**

Plaintiffs InterDigital Communications Corporation and InterDigital

Technology Corporation (collectively "InterDigital") have filed complaints with the

United States International Trade Commission (the "ITC") and this Court that involve the

same patents and the same parties.

On March 23, 2007, InterDigital filed a Complaint in this action against

Samsung.  The Complaint alleges infringement by Samsung of U.S. Patent Nos.

7,117,004 ("the '004 Patent") 6,674,791 ("the '791 Patent") and 6,973,579 ("the '579

Patent").  On May 7, 2007, InterDigital filed a First Amended Complaint, which

additionally alleges infringement of U.S. Patent No. 7,190,966 ("the '966 Patent").

On March 23, 2007, InterDigital filed a Complaint in the ITC under Section 337 of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 337. Like its allegations in this action, InterDigital's ITC Complaint alleges that Samsung has infringed the '004, '791 and '579 Patents. *See* Exhibit A (InterDigital's ITC Complaint, without exhibits). On April 20, 2007, the ITC instituted Investigation No. 337-TA-601 ("the ITC Investigation"), naming the same Samsung entities in this action as formal Respondents in the ITC Investigation. The ITC Investigation was officially instituted on April 27, 2007, by publication in the Federal Register. *See* Exhibit B (Notice of Investigation as Printed in the Federal Register).

In parallel with the filing of InterDigital's First Amended Complaint in this action, InterDigital moved to amend their Complaint in the ITC Investigation to include allegations of infringement of the '966 Patent. That motion remains pending as of the date set forth below.

Accordingly, pursuant to 28 U.S.C. § 1659(a), Samsung invokes its right to a stay of this action in its entirety until the date that the determination of the ITC becomes final.

## **ARGUMENT**

This Motion is brought pursuant to 28 U.S.C. §1659(a), which sets forth the following:

> **(a) Stay.** – In a civil action involving parties that are also parties to a proceeding before the [ITC] under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the [ITC], the district court shall stay, until the determination of the [ITC] becomes final, proceedings in the civil action

with respect to any claim that involves the same issues involved in the proceeding before the [ITC], but only if such request is made within –

> **(1)** 30 days after the party is named as a respondent in the proceeding before the [ITC], or

> **(2)** 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a).  *See e.g., Proxim Inc. v. 3COM Corp. et al.*, 2003 WL 403348, *1 (D. Del. Feb. 21, 2003) (noting that "[g]iven the fact that [defendant] was also a respondent in an action brought before the ITC by plaintiff related to the same technologies, the court was required to stay this action pursuant to 28 U.S.C. § 1659"); *Universal Tool and Stamping Co. v. Ventra Group*, No. 1:97-CV-418, 46 U.S.P.Q. 2d 1799, 1998 WL 303298, *1 (N.D. Ind. Jan. 20, 1998) ("[A] stay must (the statute says 'shall') be entered since there is no dispute that the claims here and those before the [ITC] involve the same issues.").[1]

The patent infringement alleged in the present action by InterDigital against Samsung is the same as that alleged in the ITC Investigation.  *See* Exhibit A. Samsung was named as a respondent in the ITC investigation on April 27, 2007.  Thus, Samsung hereby requests, in a timely manner under the statute, a stay of this action by filing this Motion within the 30-day period required by the statute.  Where, as here, Samsung files a timely request pursuant to 28 U.S.C. § 1659(a), the Court "shall stay" the civil action until the date that "the determination of the [ITC] becomes final." Accordingly, Samsung respectfully requests that this Court enter an Order staying this

---

[1] In addition to the statutory mandate requiring a timely requested stay of a civil action that raises the same issues as pending ITC proceedings, district courts have "inherent authority to stay proceedings before them."  *See Rohan ex. rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003).

action in its entirety pursuant to 28 U.S.C. § 1659(a).

## **CONCLUSION**

Samsung respectfully requests that this Court stay the present action until the date that the determination of the ITC becomes final.

ASHBY & GEDDES

/s/ *John G. Day*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
(302) 654-2067 (Fax)
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

David Healey
Weil, Gotshal & Manges LLP
700 Louisiana Street
Suite 1600
Houston, Texas 77002
(713) 446-5000
(713) 224-9511 (Fax)

Dated: May 17, 2007
180678.1

# EXHIBIT A



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

SMITH R. BRITTINGHAM IV
202.408.4158
smith.brittingham@finnegan.com



March 23, 2007

**VIA HAND DELIVERY**

The Honorable Marilyn Abbott
Secretary
U.S. International Trade Commission
500 E Street, S.W.
Washington, D.C. 20436

Re:    *Certain 3G Wideband Code Division Multiple Access
(WCDMA) Handsets and Components Thereof*



Dear Secretary Abbott:

Enclosed for filing on behalf of Complainants InterDigital Communications Corporation and InterDigital Technology Corporation (collectively referred to as "InterDigital") are the following documents in support of InterDigital's request that the Commission commence an investigation pursuant to Section 337 of the Tariff Act of 1930, as amended. A separate request for confidential treatment of confidential exhibits 10, 14, and 22 and confidential Appendix G, is included with this filing.

Accordingly, InterDigital submits the following documents for filing:

1.    An original and twelve (12) copies of the verified complaint and an original and six (6) copies of the accompanying exhibits, with the confidential exhibits segregated from the other material submitted, original and (1) copy unbound, without tabs. (Rules 201.6(c), 210.4(f)(3)(i), and 210.8(a));

2.    Three (3) additional copies of both the complaint and accompanying non-confidential exhibits for service upon each proposed respondent. (Rules 210.4 (f)(3)(i), 210.8(a), and 210.11(a));

3.    Three (3) additional copies of the confidential exhibits;

4.    Certified copies of United States Letters Patent Nos. 7,117,004, 6,674,791, and 6,973,579 (collectively the "Asserted Patents"),

The Honorable Marilyn Abbott
March 23, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

included as Exhibits 1, 3, and 5 in the complaint, and copies thereof included as Exhibits 1, 3, and 5 in all copies of the complaint;

5.    Certified copies of the assignments involving the Asserted Patents included as Exhibits 2, 4, and 6 in the complaint, and copies thereof included as Exhibits 2, 4, and 6 in all copies of the complaint;

6.    Certified copies and three (3) copies thereof of the prosecution histories of each of the Asserted Patents included as Appendices A, C, and E (Rule 210.12(c)(2));

7.    Four (4) copies of each available reference document cited on the face of the Asserted Patents or mentioned in the prosecution histories of the applications leading to the issuance of the Asserted Patents included as Appendices B, D, and F;

8.    Three copies of each relevant license included as Confidential Appendix G.  (Rule 210.12(c)(1));

9.    One (1) additional copy of the complaint and the accompanying non-confidential exhibits for service upon the Korean embassy in Washington, D.C. (Rule 210.8(a) and 210.11(a)(1)); and

10.   A letter and certification pursuant to Commission Rules 201.6(b) and 210.5(d) requesting confidential treatment of confidential exhibits 10, 14, and 22, and Confidential Appendix G.

Thank you for your attention to this matter.

Respectfully submitted,

Smith R. Brittingham IV

Enclosures

DOCKET
NUMBER

2534

Office of the
Secretary
Int'l Trade Commission

# UNITED STATES INTERNATIONAL TRADE COMMISSION
## WASHINGTON, D.C.

**In the Matter of**

**CERTAIN 3G WIDEBAND CODE
DIVISION MULTIPLE ACCESS
(WCDMA) HANDSETS AND
COMPONENTS THEREOF**

Investigation No. 337-TA-_____

---

**COMPLAINT OF INTERDIGITAL COMMUNICATIONS CORPORATION AND
INTERDIGITAL TECHNOLOGY CORPORATION UNDER SECTION 337
OF THE TARIFF ACT OF 1930, AS AMENDED**

**COMPLAINANTS**

InterDigital Communications Corporation
781 Third Avenue
King of Prussia, Pennsylvania 19406-1409
(610) 878-7800

InterDigital Technology Corporation
Hagley Building, Suite 105
3411 Silverside Road, Concord Plaza
Wilmington, Delaware 19810-4812
(302) 477-2500

**COUNSEL FOR COMPLAINANTS**

Smith R. Brittingham IV
Patrick J. Coyne
Christopher P. Isaac
Lionel M. Lavenue
Houtan K. Esfahani
Rajeev Gupta
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

**PROPOSED RESPONDENTS**

Samsung Electronics Co., Ltd.
Samsung Main Building, 250
Taepyung-ro 2-ka, Chung-ku
Seoul 100-742 Korea
82-2-727-7114

Samsung Electronics America, Inc.
105 Challenger Road
Ridgefield Park, New Jersey 07660
(201) 229-4000

Samsung Telecommunications America LLC
1301 Lookout Drive
Richardson, Texas 75082
(972) 761-7000

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................. 1

II.     COMPLAINANT ............................................................................................. 2

III.    PROPOSED RESPONDENTS........................................................................... 2

IV.     THE TECHNOLOGY AND PRODUCTS AT ISSUE ....................................... 3

V.      THE PATENTS-IN-SUIT AND NON-TECHNICAL DESCRIPTION OF THE
        INVENTIONS ................................................................................................. 5

   A.   U.S. Patent No. 7,117,004.................................................................................. 6

   1.   Identification of the Patent and Ownership by InterDigital............................. 6

   2.   Non-Technical Description of the Patent....................................................... 6

   3.   Foreign Counterparts to the Patent ............................................................... 7

   4.   Licenses....................................................................................................... 7

   B.   U.S. Patent No. 6,674,791.................................................................................. 8

   1.   Identification of the Patent and Ownership by InterDigital............................. 8

   2.   Non-Technical Description of the Patent....................................................... 8

   3.   Foreign Counterparts to the Patent ............................................................... 9

   4.   Licenses....................................................................................................... 9

   C.   U.S. Patent No. 6,973, 579................................................................................. 9

   1.   Identification of the Patent and Ownership by InterDigital............................. 9

   2.   Non-Technical Description of the Patent..................................................... 10

   3.   Foreign Counterparts to the Patent ............................................................. 11

   4.   Licenses..................................................................................................... 11

VI.     UNLAWFUL AND UNFAIR ACTS OF RESPONDENTS — PATENT
        INFRINGEMENT........................................................................................... 11

VII.    SPECIFIC INSTANCES OF UNFAIR IMPORTATION AND SALE ............ 13

VIII.   HARMONIZED TARIFF SCHEDULE ITEM NUMBERS........................... 14

IX.     RELATED LITIGATION .............................................................................. 14

X.      THE DOMESTIC INDUSTRY ...................................................................... 15

   A.   Investments In Research And Development, And Engineering ......................................... 15

   B.   Investments in Licensing ................................................................................................ 16

XI.     RELIEF REQUESTED.................................................................................................. 17

VERIFICATION OF COMPLAINT ........................................................................................... 19

## TABLE OF EXHIBITS

| Exhibit | Document |
|---|---|
| 1 | United States Patent No. 7,117,004 |
| 2 | Assignment Documents for U.S. Patent No. 7,117,004 |
| 3 | United States Patent No. 6,674,791 |
| 4 | Assignment Documents for U.S. Patent No. 6,674,791 |
| 5 | United States Patent No. 6,973,579 |
| 6 | Assignment Documents for U.S. Patent No. 6,973,579 |
| 7 | Table Identifying Foreign Counterparts of the '004 Patent |
| 8 | Table Identifying Foreign Counterparts of the '791 Patent |
| 9 | Table Identifying Foreign Counterparts of the '579 Patent |
| 10 | CONFIDENTIAL  Identification of Licensees |
| 11 | Claim Charts:  Infringement of '004 Patent by Samsung Handsets |
| 12 | Claim Charts:  Infringement of '791 Patent by Samsung Handsets |
| 13 | Claim Charts:  Infringement of '579 Patent by Samsung Handsets |
| 14 | CONFIDENTIAL  Test Report Supporting Infringement Claim Charts for Samsung Handsets |
| 15 | Samsung Website Document Supporting Infringement of Asserted Patents by Samsung Handsets |
| 16 | Standards-Related Documents, ETSI TS 125.211, Supporting Infringement of Asserted Patents by Samsung Handsets |
| 17 | Standards-Related Documents, ETSI TS 125.212, Supporting Infringement of Asserted Patents by Samsung Handsets |
| 18 | Standards-Related Documents, ETSI TS 125.213, Supporting Infringement of Asserted Patents by Samsung Handsets |
| 19 | Standards-Related Documents, ETSI TS 125.214, Supporting Infringement of Asserted Patents by Samsung Handsets |
| 20 | Standards-Related Documents, ETSI TS 125.301, Supporting Infringement of Asserted Patents by Samsung Handsets |
| 21 | Documents and Photographs of Representative Accused Infringing Samsung Handset Demonstrating Specific Instance of Importation and Sale |
| 22 | CONFIDENTIAL  Identification of InterDigital's Domestic Industry |

# TABLE OF APPENDICES

| Appendix | Document |
|----------|----------|
| A | Prosecution History of United States Patent No. 7,117,004 |
| B | Copies of References Cited in Prosecution History of U.S. Patent No. 7,117,004 |
| C | Prosecution History of United States Patent No. 6,674,791 |
| D | Copies of References Cited in Prosecution History of U.S. Patent No. 6,674,791 |
| E | Prosecution History of United States Patent No. 6,973,579 |
| F | Copies of References Cited in Prosecution History of U.S. Patent No. 6,973,579 |
| G | CONFIDENTIAL Copies of Complainant InterDigital's License Agreements |
| H | Physical Sample of Samsung SGH-ZX20 Handset |

## I.    INTRODUCTION

1.    This complaint is filed by InterDigital Communications Corporation and InterDigital Technology Corporation (collectively referred to as "InterDigital"), pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, based on the unlawful importation into the United States, the sale for importation, and the sale within the United States after importation by owners, importers, or consignees of certain 3G Wideband Code Division Multiple Access ("WCDMA") handsets and components thereof that infringe any of United States Letters Patent Nos. 7,117,004 ("the '004 patent"), 6,674,791 ("the '791 patent"), and 6,973,579 ("the '579 patent") (sometimes collectively referred to as "the asserted patents").

2.    The proposed respondents are:  Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (sometimes collectively referred to as "Samsung").

3.    Certified copies of the asserted patents are attached to the complaint as Exhibits 1, 3, and 5.  InterDigital owns all right, title, and interest in each of the asserted patents.  Certified copies of the recorded assignments for each of the patents are attached to the complaint as Exhibits 2, 4, and 6.

4.    An industry as required by 19 U.S.C. § 1337(a)(2) and (3) exists in the United States relating to the technology protected by the asserted patents.

5.    InterDigital seeks, as relief, an exclusion order barring from entry into the United States infringing 3G WCDMA handsets and components thereof imported by or on behalf of the respondents.  InterDigital also seeks, as relief, cease and desist orders prohibiting the sale for importation, importation, sale after importation, offer for sale, advertising, testing, the solicitation of sales, and other commercial activity relating to infringing 3G WCDMA handsets and components thereof.

1

## II.    COMPLAINANT

6.    Complainant InterDigital Communications is a Pennsylvania corporation with its principal place of business at 781 Third Avenue, King of Prussia, Pennsylvania 19406-1409. InterDigital Technology is a Delaware corporation with its principal place of business at Hagley Building, Suite 105, 3411 Silverside Road, Concord Plaza, Wilmington, Delaware 19810-4812. InterDigital Communications is the parent company to InterDigital Technology.

7.    Since 1993, InterDigital has been engaged in the research, development, engineering, and licensing of Code Division Multiple Access ("CDMA") technology in the United States. That work later transitioned into research, development, engineering, and licensing of Wideband CDMA technology ("WCDMA"). WCDMA is one of the wireless technologies often referred to commercially as "3G."

8.    At its King of Prussia, Pennsylvania, and Melville, New York facilities, among other activities, InterDigital researches, develops, engineers, and licenses technology for 3G WCDMA handsets. InterDigital also files and prosecutes worldwide patent applications covering its innovative research and development of 3G WCDMA technology and communications protocols used in connection with that technology.

9.    InterDigital's research, development, and engineering business has developed proprietary technology that is used in most, if not all, 3G WCDMA handsets made throughout the world. InterDigital's technology has been licensed to significant handset manufacturers throughout the world.

## III.    PROPOSED RESPONDENTS

10.    Respondent, Samsung Electronics Co., Ltd. ("Samsung Electronics"), is a Korean corporation, with its principal place of business at Samsung Main Building, 250, Taepyung-ro,2-ka, Chung-ku, Seoul 100-742 Korea. Samsung Electronics is one of the largest electronics

companies in the world, and designs, develops, manufactures and sells for importation into the United States global wireless communications equipment, including 3G WCDMA handsets.

11.    Respondent, Samsung Electronics America, Inc. ("SEA"), is a New York corporation, with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. SEA is a wholly owned subsidiary of Samsung Electronics. According to Samsung's website, SEA oversees the North American operations of several Samsung subsidiaries, including respondent Samsung Telecommunications America LLP. (*See* http://www.samsung.com/AboutSAMSUNG/ELECTRONICSUSA/CompanyProfile/ SamsungElectronicsAmerica/index.htm.)

12.    Respondent, Samsung Telecommunications America LLC ("STA"), is a Delaware corporation, with its principal place of business at 1301 Lookout Drive, Richardson, Texas 75082. STA is a wholly owned subsidiary of Samsung Electronics. STA participates in the design, development, and marketing of Samsung wireless communication equipment, including 3G WCDMA handsets, to consumers and commercial cellular providers. On information and belief, prior to December 27, 2006, STA was known as Samsung Telecommunications America LLP.

## IV.    THE TECHNOLOGY AND PRODUCTS AT ISSUE

13.    The technology and products at issue concern WCDMA handsets for use in Third Generation or "3G" WCDMA systems. WCDMA is the latest in a series of developments in cellular telephone systems.

14.    The first generation of cellular systems deployed in the United States in the late 1990s was referred to as Advanced Mobile Phone Service, or "AMPS." A variety of entities proposed improvements in that system, leading to "Second Generation" or "2G" systems. Those 2G systems used either Time Division Multiple Access ("TDMA") or Code Division Multiple

3

Access ("CDMA") technology. The drawbacks of these systems spurred further improvements, resulting in so-called "3G" systems that were first deployed in Asia and later in Europe and the United States.

15.    The components common to all 3G cellular systems include mobile devices and base stations. A mobile device can be either a portable cellular handset or a cellular PC card used in laptops. Base stations, which include towers, act as the first point of access for the mobile device into the cellular system. To place a call, for example, a mobile device must first establish communication with a base station over a communication channel.

16.    In a 3G cellular CDMA system, many mobile devices share the same frequency channel in the system. This sharing of the frequency channel, while enhancing the efficiency of the system, leads to a gradual degradation of the system performance as the number of mobile devices in the system increases because signals transmitted by each mobile device in the system contribute to the overall interference in the system. It is, therefore, important to minimize the power level at which each mobile device transmits, thereby minimizing the overall interference in the system while at the same time providing an acceptable communication quality to users of mobile devices. Controlling the power transmitted from a mobile device is important, for example, when the device first attempts to establish communication with a base station, such as when a user attempts to place a call using the mobile device.

17.    In addition to minimizing the power transmitted by a mobile device as it tries to gain access to a cellular system, it is also important for the device to gain access as quickly as possible. Reducing the access time improves the performance of the system as perceived by users when, for example, they attempt to place calls.

4

18.   While in the past cellular mobile devices have primarily been used to place telephone calls, with the growth of the Internet and multimedia applications, support for high speed data applications, such as web browsing and audio and video streaming, in cellular systems has become increasingly important.   To meet the rising demand for high speed data applications, some 3G WCDMA systems now support a technology known as High Speed Downlink Packet Access (HSDPA).   HSDPA uses a variety of encoding and other techniques to make high speed data applications feasible in 3G WCDMA systems.

19.   InterDigital's continuing development efforts to improve CDMA cellular systems through development of WCDMA and HSDPA technologies have significantly contributed to the evolution of the 3G systems.

20.   The specific products at issue in this investigation are WCDMA handsets, as well as components thereof, that are capable of operating in 3G WCDMA cellular systems.   Some of the accused WCDMA products also implement HSDPA technology.   The WCDMA handsets at issue operate as cellular mobile telephones, allowing users of the handsets to place and receive telephone calls as well as to run data applications, such as web browsing and audio and video streaming.

## V.    THE PATENTS-IN-SUIT AND NON-TECHNICAL DESCRIPTION OF THE INVENTIONS

21.   There are three patents at issue in this investigation:   U.S. Patent No. 7,117,004 ("the '004 patent"), U.S. Patent No. 6,674,791 ("the '791 patent"), and U.S. Patent No. 6,973,579 ("the '579 patent").

A.    **U.S. Patent No. 7,117,004**

1.    **Identification of the Patent and Ownership by InterDigital**

22.    The '004 patent, entitled "Method and Subscriber Unit for Performing an Access Procedure," issued on October 3, 2006, to inventors Gary Lomp and Fatih Ozluturk. The '004 patent is based on Patent Application Serial No. 10/866,851 filed on June 14, 2004, and claims priority to an application filed on June 27, 1996.

23.    The '004 patent has 18 independent claims and 48 dependent claims. Claims 1, 2, 7-10, 14, 15, 21, 22, 24, 30-32, 34, 35, 46, 47, 49, 59, and 60 are being asserted in this investigation.

24.    InterDigital Technology owns by assignment the entire right, title, and interest in and to the '004 patent. *See* Exhibit 2.

25.    This complaint is accompanied by a certified copy and three copies of the prosecution history of the '004 patent and four copies of each reference cited on the face of the '004 patent or mentioned in its prosecution history. *See* Appendices A and B.

2.    **Non-Technical Description of the Patent**

26.    The '004 patent generally covers improvements to the way a mobile device gains access to a cellular CDMA system. In a CDMA system, the signals transmitted by mobile devices contribute to the overall interference in the system. To minimize the interference, it is particularly important that mobile devices transmit at the minimum possible power level necessary to gain access to the system. It is also important for mobile devices to gain access to the system as quickly as possible when, for example, users attempt to place calls.

27.    The improvements of the '004 patent achieve the above and other objectives. When a mobile device attempts to gain access to a cellular CDMA system, the mobile device starts transmitting short probe signals at an initial low power and gradually increases its transmission

6

power until a base station in the system detects one of the short probe signals transmitted by the mobile device. In this fashion, the mobile device "ramps-up" its transmission power until the base station hears the mobile device. Transmitting short probe signals while ramping-up the power of the signals during the initial attempt to access the system enables the mobile device to gain access to the system in an efficient and rapid manner with minimal contribution to interference in the system.

28.     In contrast to the power ramp-up improvements of the '004 patent, prior known approaches employed a series of long signals, which included a message intended to be communicated along with a header. By repeatedly transmitting the entire long message and header, the initial power ramp-up procedure introduced substantial unwanted interference into the system, and it took longer for mobile devices to gain access to the system. The additional interference caused poor system performance, including poor connections and failed call attempts. The prior approaches also resulted in longer delays for mobile devices to gain access to the system, further degrading system performance.

### 3.     Foreign Counterparts to the Patent

29.     The '004 patent and its related U.S. applications have a number of foreign counterparts. Those foreign patents and applications, as well as related U.S. applications and patents, are identified in Exhibit 7.

### 4.     Licenses

30.     Pursuant to Commission Rule 210.12(a)(9)(iii), a list of licensed entities is attached to the complaint as Confidential Exhibit 10. Pursuant to Commission Rule 210.12(c)(1), three copies of the licenses are being submitted with the complaint as Confidential Appendix G.

**B.      U.S. Patent No. 6,674,791**

### 1.      Identification of the Patent and Ownership by InterDigital

31.    The '791 patent, entitled "Automatic Power Control System for a Code Division

Multiple Access (CDMA) Communications System," issued on January 6, 2004, to inventors

Gary Lomp, Fatih Ozluturk, and John Kowalski.  The '791 patent is based on Patent Application

Serial No. 10/083,791, filed on February 27, 2002, and claims priority to a provisional

application filed on June 30, 1995.

32.    The '791 patent has 2 independent claims and 10 dependent claims.  Claims 7 and

10 are being asserted in this investigation.

33.    InterDigital Technology owns by assignment the entire right, title, and interest in

and to the '791 patent.  *See* Exhibit 4.

34.    This complaint is accompanied by a certified copy and three copies of the

prosecution history of the '791 patent and four copies of each available reference cited on the

face of the '791 patent or mentioned in its prosecution history.  *See* Appendices C and D.

### 2.      Non-Technical Description of the Patent

35.    The '791 patent generally concerns an improved mobile device that "self-blocks" its

own transmission once its transmission reaches a maximum power level, thereby reducing

contribution of unwanted interference in the system.  The reduction of unwanted interference

results in improved system performance.

36.    The self-blocking by the mobile device occurs when, for example, the device is in

the process of attempting to gain access to the system.  During this process, the mobile device

ramps up its transmission power until it reaches a power level sufficient to communicate with the

system.  If the transmission power of the mobile device reaches a maximum level and the device

has not yet gained access to the system, the device then self-blocks its own transmission, thereby

8

terminating its initial attempt to gain access to the system. Without having gained access to the

system, the mobile device cannot begin communication with, for example, other mobile devices.

Instead, the mobile device may then repeat its power ramp-up process, starting again at an initial

low power level, to make another attempt to access to the system. In this fashion, the

improvements of the '791 patent reduce unwanted interference in the system, thereby improving

the system capacity, i.e., enabling more mobile devices to operate simultaneously in the system.

### 3.    Foreign Counterparts to the Patent

37.    The '791 patent and its related U.S. applications have a number of foreign

counterparts. Those foreign patents and applications, as well as related U.S. applications and

patents, are identified in Exhibit 8.

### 4.    Licenses

38.    Pursuant to Commission Rule 210.12(a)(9)(iii), a list of licensed entities is attached

to the complaint as Confidential Exhibit 10. Pursuant to Commission Rule 210.12(c)(1), three

copies of the licenses are being submitted with the complaint as Confidential Appendix G.

### C.    U.S. Patent No. 6,973, 579

### 1.    Identification of the Patent and Ownership by InterDigital

39.    The '579 patent, entitled "Generation of User Equipment Identification Specific

Scrambling Code for the High Speed Shared Control Channel," issued on December 6, 2005, to

inventors Stephen G. Dick, Nader Bolourchi, and Sung-Hyuk Shin. The '579 patent is based on

Patent Application Serial No. 10/187,640, filed on July 1, 2002, and claims priority to a

provision application filed on May 7, 2002.

40.    The '579 patent has 5 independent claims and 5 dependent claims. Claims 1, 2, 3,

and 4 are being asserted in this investigation.

41.    InterDigital Technology owns by assignment the entire right, title, and interest in and to the '579 patent. *See* Exhibit 6.

42.    This complaint is accompanied by a certified copy and three copies of the prosecution history of the '579 patent and four copies of each reference cited on the face of the '579 patent or mentioned in its prosecution history. *See* Appendices E and F.

### 2.    Non-Technical Description of the Patent

43.    The '579 patent generally concerns an improved apparatus for a CDMA system with High Speed Downlink Packet Access ("HSDPA") capability. HSDPA capability makes possible high data rate communication, such as video streaming from the base station to the mobile device. The improvement of the '579 patent relates to a high speed control channel that is shared by multiple mobile devices in the system. The system uses this shared high speed control channel to transmit important control information to mobile devices, each of which is identified by a unique user equipment ("UE") identification code in the system. The '579 patent covers the manner in which a mobile device generates a scrambling code using the UE identification code. The mobile device uses the scrambling code to identify, on the shared high speed control channel, control information directed to the mobile device.

44.    During the standardization process for HSDPA, changes were made in the length of the UE identification code. Specifically, the HSDPA standard changed the length of the UE identification code from 10 bits to 16 bits. As a result of this change, a need arose for a way to generate a scrambling code using the 16 bit UE identification code that would be consistent with other requirements of the standard.

45.    The applicable standards-setting organization solicited from participants, including InterDigital, Siemens, and others, proposed technical solutions that would enable scrambling of the high speed shared channel, carrying control information for multiple users, with the 16 bit

10

UE identification code. InterDigital participated in the standardization process and proposed a solution to this technical problem.

46.    InterDigital's solution, which is disclosed in the '579 patent, involves the use of a half-rate convolutional encoder to generate a scrambling code for the high speed shared control channel from the UE identification code. This solution advantageously reduces false detection of control information over the high speed shared control channel by mobile devices other than the intended mobile device.

47.    After reviewing the various proposals and evaluating the technical merits of each, InterDigital's proposed solution was adopted by the standards-setting organization.

### 3.    Foreign Counterparts to the Patent

48.    The '579 patent and its related U.S. applications have a number of foreign counterparts. Those foreign patents and applications, as well as related U.S. applications and patents, are identified in Exhibit 9.

### 4.    Licenses

49.    Pursuant to Commission Rule 210.12(a)(9)(iii), a list of licensed entities is attached to the complaint as Confidential Exhibit 10. Pursuant to Commission Rule 210.12(c)(1), three copies of the licenses are being submitted with the complaint as Confidential Appendix G.

## VI.    UNLAWFUL AND UNFAIR ACTS OF RESPONDENTS — PATENT INFRINGEMENT

50.    The accused products are cellular telephone handsets capable of operating within a 3G WCDMA system. Certain accused products are also capable of using HSDPA technology.

51.    Generally, any of respondents' handsets capable of operating in the 3G WCDMA system are accused of infringing claims 1, 2, 7-10, 14, 15, 21, 22, 24, 30-32, 34, 35, 46, 47, 49, 59, and 60 of the '004 patent and claims 7 and 10 of the '791 patent.

52.    Additionally, any of respondents' handsets capable of operating pursuant to the HSDPA standard are further accused of infringing claims 1-4 of the '579 patent.

53.    In order to confirm that the accused products operate in the manner covered by the asserted patents, InterDigital has tested selected accused products using analytical techniques that are generally accepted in the industry.  The results of those analyses support the infringement allegations set forth in the claim charts accompanying the complaint.

54.    On information and belief, the respondents collectively manufacture, import, and sell in the United States after importation 3G WCDMA handsets that infringe one or more of the asserted patents.  On information and belief, certain Samsung handsets can operate in a 3G WCDMA system, and some can also use HSDPA techniques.  As a result, at least the following handsets infringe one or more of the asserted patents:  SGH-ZX20, SGH-i607 (sometimes referred to as the "Blackjack"), SGH-A707 (sometimes referred to as the "Sync"), and SGH-ZX10.  The identification of specific models is not intended to limit the scope of the investigation, and any remedy should extend to all infringing models.

55.    A chart that applies representative claim 1 of the '004 patent to the accused Samsung SGH-ZX20 handset is attached as Exhibit 11.

56.    A chart that applies representative claim 7 of the '791 patent to the accused Samsung SGH-ZX20 handset is attached as Exhibit 12.

57.    A chart that applies representative claim 1 of the '579 patent to the accused Samsung SGH-ZX20 handset is attached as Exhibit 13.

58.    To the extent any of the asserted claims require products sold by the respondents to be operated in a 3G WCDMA/HSDPA system in order to satisfy all claim elements, on information and belief the accused products infringe both directly and indirectly.

12

59.   On information and belief, the respondents test or operate the accused products in the United States by using them in a 3G WCDMA/HSDPA system and performing the claimed methods, thereby directly infringing any claim requiring such operation.

60.   Respondents have had notice of the asserted patents since before the filing of this complaint or, at a minimum, will receive notice of the asserted patents upon the filing of this complaint. Samsung participates in the Third Generation Partnership Project ("3GPP") and therefore should have had notice of at least the '791 and '579 patents through its 3GPP participation.

61.   Each of the accused products listed above are specifically designed to be used in a 3G WCDMA system. Moreover, most products designed to be used in a 3G WCDMA system are also configured to comply with the HSDPA standards. When the accused products are operated in a WCDMA/HSDPA system, they have no substantial non-infringing use.

62.   Respondents induce infringement of the asserted claims by advertising their products as complying with the 3G WCDMA and HSDPA standards and being capable of operating according to those standards, by publishing manuals and promotional literature describing the operation of the accused devices in an infringing manner according to the 3G WCDMA and HSDPA standards, and by offering support and technical assistance to their customers that encourages use of the accused products in ways that infringe the asserted claims.

## VII.   SPECIFIC INSTANCES OF UNFAIR IMPORTATION AND SALE

63.   On or around September 26, 2006, representatives for InterDigital purchased several imported Samsung handsets in the United States. Exhibit 21 to the complaint is a copy of a receipt for the purchase of a Samsung SGH-ZX20 handset, and a series of photographs of the handset and the box in which the handset was delivered. The label on the box bears a Samsung logo. The label on the inside of the handset states that the handset was made in Korea.

13

## VIII.  HARMONIZED TARIFF SCHEDULE ITEM NUMBERS

64.    On information and belief, the Harmonized Tariff Schedule of the United States item numbers under which the infringing Samsung handsets or components thereof may be imported into the United States may be at least HTSUS 8525 and subsections thereof (including 8525.20.05, 8525.20.30, and 8525.20.90), 8527.90.40, 8527.90.95, and 8529 and subsections thereof.

## IX.    RELATED LITIGATION

65.    There has been no court or agency litigation, domestic or foreign, involving the unfair acts asserted in this complaint or litigation having any direct connection with any claim or assertion of infringement or validity of the '004, '791, or '579 patents.

66.    Nokia Corporation and Nokia, Inc. filed a suit in 2005 against InterDigital Communications and InterDigital Technology in the U.S. District Court for the District of Delaware seeking a declaratory judgment that a large number of InterDigital patents relating to cellular telephone technology were invalid or not infringed.  None of the three asserted patents was the subject of any declaratory judgment request, and that declaratory judgment claim was dismissed by the Court.  The complaint also claimed that InterDigital's statements that its patents are essential to the 3G standard violated the Lanham Act.  *See Nokia Corp. v. InterDigital Communications Corp.,* Civ. Action No. 05-16 (D. Del. 2005).  Although none of the three asserted patents was specifically identified in Nokia's complaint, Nokia later identified specific InterDigital patents, including the asserted '791 and '579 patents that Nokia alleges are not essential to the 3G standard.  Nokia has also moved to amend its complaint to add additional unfair competition and state law claims.  The case is currently in discovery.

## X.    THE DOMESTIC INDUSTRY

67.    InterDigital has established a domestic industry under at least 19 U.S.C.

§ 1337(a)(3)(C).

68.    A domestic industry exists with respect to InterDigital's activities in the United

States that exploit the asserted patents by reason of InterDigital's substantial investment in

domestic research, development, engineering, and licensing of the WCDMA and HSDPA

wireless network technology protected by the patents, including past and present development of

the technology itself, testing of that technology and components, and technical support services

to licensees.  InterDigital's research activities with respect to CDMA technology date back to

1993 and continue today.

### A.    Investments In Research And Development, And Engineering

69.    InterDigital operates facilities in King of Prussia, Pennsylvania and Melville, New

York that are used for the research and development and engineering of technology used in the

3G WCDMA handsets at issue and covered by the asserted patents.

70.    In 1993, InterDigital began working on research and development of a CDMA

technology at its Melville, New York facility.  That work later transitioned into research and

development of WCDMA technology.  That WCDMA technology is utilized by handsets and

PC cards today, including in the accused products, and is covered by the '004 and '791 patents.

In 1997, InterDigital also began working on CDMA research and development projects at its

King of Prussia location.  Between 1993 and 1999, InterDigital employed between 21 and 130

engineering and technical staff, associated support personnel, and management personnel in that

research.

71.    From approximately 2000 to the present, InterDigital has been working at its

Melville and King of Prussia locations on research and development projects that eventually

resulted in HSDPA technology. HSDPA technology is covered by the '579 patent and is used by the accused handsets. InterDigital's HSDPA research and development work is directed at products and methods that use both the WCDMA technology and the HSDPA technology, and continues to this day. As a result, those accused HSDPA products use the technology in the '579 patent, as well as technologies covered by the '004 and '791 patents. From approximately 2000 to the present, InterDigital has employed between 12 and 162 engineering and technical staff, associated support personnel, and management personnel in the HSDPA research.

72.    The value of InterDigital's plant and equipment and the specific number of employees involved in these research and development activities are disclosed in more detail in Confidential Exhibit 22.

**B.    Investments in Licensing**

73.    InterDigital has invested in personnel and resources to monitor the market, identify potential manufacturers and users of its 3G WCDMA and HSDPA wireless technology, establish contacts with those potential manufacturers and users, provide pre-licensing technical services, negotiate licenses, conduct technology transfers, and monitor licensee compliance with the licensing program.

74.    InterDigital's 3G WCDMA and HSDPA wireless technology licensing efforts include the '004, '791, and '579 patents.

75.    InterDigital's investments in intellectual property and technology licensing operations attributable to domestic industry activities exploiting the '004, '791, and '579 patents are set forth in more detail in Confidential Exhibit 22.

## XI.    RELIEF REQUESTED

76.    WHEREFORE, by reason of the foregoing, Complainant InterDigital respectfully requests that the United States International Trade Commission:

(a)    Institute an immediate investigation, pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337(a)(1)(B)(i) and (b)(1), with respect to violations of Section 337 based upon the importation, sale for importation, and sale after importation into the United States of infringing 3G WCDMA handsets and components thereof that infringe one or more of the asserted claims of InterDigital's United States Letters Patent Nos. 7,117,004, 6,674,791, or 6,973,579;

(b)    Schedule and conduct a hearing on said unlawful acts and, following said hearing;

(c)    Issue a permanent exclusion order pursuant to 19 U.S.C. § 1337(d)(1) barring from entry into the United States all infringing 3G WCDMA handsets and components thereof imported by or on behalf of any of the respondents;

(d)    Issue a permanent cease and desist order, pursuant to 19 U.S.C. § 1337(f), directing each respondent to cease and desist from importing, marketing, advertising, demonstrating, warehousing inventory for distribution, offering for sale, selling, distributing, licensing, or using 3G WCDMA handsets or components thereof that infringe one or more claims of the asserted patents; and

(e)    Grant such other and further relief as the Commission deems just and proper based on the facts determined by the Investigation and the authority of the Commission.

Respectfully Submitted,

Dated: March 23, 2007

Smith R. Brittingham IV
Patrick J. Coyne
Christopher P. Isaac
Lionel M. Lavenue
Houtan K. Esfahani
Rajeev Gupta

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Counsel for Complainants InterDigital
Communications Corporation and
InterDigital Technology Corporation

18

## VERIFICATION OF COMPLAINT

I, Bruce G. Bernstein declare, in accordance with 19 C.F.R. §§ 210.4 and 210.12(a), under penalty of perjury, that the following statements are true:

I am the Chief Intellectual Property and Licensing Officer of Complainant InterDigital Communications Corporation, and am duly authorized to sign this Complaint on behalf of both Complainants.

1. I have read the foregoing Complaint.

2. To the best of my knowledge, information, and belief, based on reasonable inquiry, the foregoing Complaint is well-founded in fact and is warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

3. The allegations and other factual contentions have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

4. The foregoing Complaint is not being filed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Executed on:  3/21/07

Bruce G. Bernstein
Chief Intellectual Property and Licensing Officer
InterDigital Communications Corporation

19

EXHIBIT B

Dated: April 23, 2007.

**Dirk Kempthorne,**

*Secretary.*

[FR Doc. E7–8057 Filed 4–26–07; 8:45 am]

**BILLING CODE 4310–70–P**

---

## INTERNATIONAL TRADE COMMISSION

**[Inv. No. 337–TA–601]**

## Certain 3g Wideband Code Division Multiple Access (WCDMA) Handsets and Components Thereof; Notice of Investigation

**AGENCY:** U.S. International Trade Commission.

**ACTION:** Institution of investigation pursuant to 19 U.S.C. 1337.

**SUMMARY:** Notice is hereby given that a complaint was filed with the U.S. International Trade Commission on March 23, 2007, under section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. 1337, on behalf of InterDigital Communications Corporation of King of Prussia, Pennsylvania and InterDigital Technology Corporation of Wilmington, Delaware. Letters supplementing the complaint were filed on April 4, 2007 and April 16, 2007. The complaint, as supplemented, alleges violations of section 337 in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain 3G Wideband Code Division Multiple Access (WCDMA) handsets and components thereof by reason of infringement of certain claims of U.S. Patent Nos. 7,117,004, 6,674,791, and 6,973,579. The complaint, as supplemented, further alleges that an industry in the United States exists as required by subsection (a)(2) of section 337.

The complainants request that the Commission institute an investigation and, after the investigation, issue a permanent exclusion order and a permanent cease and desist order.

**ADDRESSES:** The complaint, as supplemented, except for any confidential information contained therein, is available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, SW., Room 112, Washington, DC 20436, telephone 202–205–2000. Hearing impaired individuals are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on 202–205–1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at 202–205–2000. General information concerning the Commission may also be obtained by accessing its internet server at *http://www.usitc.gov.*

The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://www.usitc.gov/secretary/edis.htm.*

**FOR FURTHER INFORMATION CONTACT:** David O. Lloyd, Esq., Office of Unfair Import Investigations, U.S. International Trade Commission, telephone (202) 205–2576.

**Authority:** The authority for institution of this investigation is contained in section 337 of the Tariff Act of 1930, as amended, and in section 210.10 of the Commission's Rules of Practice and Procedure, 19 CFR 210.10 (2006).

*Scope of Investigation:* Having considered amended complaint, the U.S. International Trade Commission, on April 20, 2007, ORDERED THAT—

(1) Pursuant to subsection (b) of section 337 of the Tariff Act of 1930, as amended, an investigation be instituted to determine whether there is a violation of subsection (a)(1)(B) of section 337 in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain 3G Wideband Code Division Multiple Access (WCDMA) handsets and components thereof by reason of infringement of one or more of claims 1, 2, 7–10, 14, 15, 21, 22, 24, 30–32, 34, 35, 46, 47, 49, 59, and 60 of U.S. Patent No. 7,117,004; claims 7 and 10 of U.S. Patent No. 6,674,791; and claims 1–4 of U.S. Patent No. 6,973,579; and whether an industry in the United States exists as required by subsection (a)(2) of section 337;

(2) For the purpose of the investigation so instituted, the following are hereby named as parties upon which this notice of investigation shall be served:

(a) The complainants are—
InterDigital Communications Corporation, 781 Third Avenue, King of Prussia, Pennsylvania 19406.
InterDigital Technology Corporation, Hagley Building, Suite 105, 3411 Silverside Road, Concord Plaza, Wilmington, Delaware 19810.

(b) The respondents are the following entities alleged to be in violation of section 337, and are the parties upon which the complaint is to be served:
Samsung Electronics Co., Ltd., Samsung Main Building, 250, Taepyung-ro 2-ka, Chung-ku, Seoul 100–742 Korea.
Samsung Electronics America, Inc., 105 Challenger Road, Ridgefield Park, New Jersey 07660.
Samsung Telecommunications America LLC, 1301 Lookout Drive, Richardson, Texas 75082.

(c) The Commission investigative attorney, party to this investigation, is David O. Lloyd, Esq., Office of Unfair Import Investigations, U.S. International Trade Commission, 500 E Street, SW., Room 401–M, Washington, DC 20436; and

(3) For the investigation so instituted, the Honorable Paul J. Luckern is designated as the presiding administrative law judge.

Responses to the complaint, as supplemented, and the notice of investigation must be submitted by the named respondents in accordance with section 210.13 of the Commission's Rules of Practice and Procedure, 19 CFR 210.13. Pursuant to 19 CFR 201.16(d) and 210.13(a), such responses will be considered by the Commission if received not later than 20 days after the date of service by the Commission of the complaint, as supplemented, and the notice of investigation. Extensions of time for submitting responses to the complaint, as supplemented, and the notice of investigation will not be granted unless good cause therefor is shown.

Failure of a respondent to file a timely response to each allegation in the complaint, as supplemented, and in this notice may be deemed to constitute a waiver of the right to appear and contest the allegations of the complaint, as supplemented, and this notice, and to authorize the administrative law judge and the Commission, without further notice to the respondent, to find the facts to be as alleged in the complaint, as supplemented, and this notice and to enter an initial determination and a final determination containing such findings, and may result in the issuance of a limited exclusion order or cease and desist order or both directed against a respondent.

By order of the Commission.

Issued: April 20, 2007.

**Marilyn R. Abbott,**

*Secretary to the Commission.*

[FR Doc. E7–8052 Filed 4–26–07; 8:45 am]

**BILLING CODE 7020–02–P**