IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS CORP., and INTERDIGITAL TECHNOLOGY CORP., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. SAMSUNG ELECTRONICS AMERICA., INC. and SAMSUNG TELECOMMUNICATIONS AMERICA LLC, <br><br> Defendants. | Civil Action No. 07-165-JFF |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION, AS RESPONDENTS IN AN ITC INVESTIGATION
INVOLVING THE SAME PATENTS AND PARTIES HEREIN, TO INVOKE
THE MANDATORY STAY OF THIS DISTRICT COURT ACTION PROVIDED
UNDER 28 U.S.C. § 1659, PENDING FINAL DETERMINATION IN THE ITC**

Pursuant to 28 U.S.C. § 1659, defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively "Samsung") state as follows in support of their Motion to Stay this Action:

## BACKGROUND

Plaintiffs InterDigital Communications Corporation and InterDigital Technology Corporation (collectively "InterDigital") have filed complaints with the United States International Trade Commission (the "ITC") and this Court that involve the same patents and the same parties.

On March 23, 2007, InterDigital filed a Complaint in this action against Samsung. The Complaint alleges infringement by Samsung of U.S. Patent Nos.

7,117,004 ("the '004 Patent") 6,674,791 ("the '791 Patent") and 6,973,579 ("the '579 Patent"). On May 7, 2007, InterDigital filed a First Amended Complaint, which additionally alleges infringement of U.S. Patent No. 7,190,966 ("the '966 Patent").

On March 23, 2007, InterDigital filed a Complaint in the ITC under Section 337 of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 337. Like its allegations in this action, InterDigital's ITC Complaint alleges that Samsung has infringed the '004, '791 and '579 Patents. *See* Exhibit A (InterDigital's ITC Complaint, without exhibits). On April 20, 2007, the ITC instituted Investigation No. 337-TA-601 ("the ITC Investigation"), naming the same Samsung entities in this action as formal Respondents in the ITC Investigation. The ITC Investigation was officially instituted on April 27, 2007, by publication in the Federal Register. *See* Exhibit B (Notice of Investigation as Printed in the Federal Register).

In parallel with the filing of InterDigital's First Amended Complaint in this action, InterDigital moved to amend their Complaint in the ITC Investigation to include allegations of infringement of the '966 Patent. That motion remains pending as of the date set forth below.

Accordingly, pursuant to 28 U.S.C. § 1659(a), Samsung invokes its right to a stay of this action in its entirety until the date that the determination of the ITC becomes final.

## ARGUMENT

This Motion is brought pursuant to 28 U.S.C. §1659(a), which sets forth the following:

**(a) Stay.** – In a civil action involving parties that are also parties to a

> proceeding before the [ITC] under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the [ITC], the district court shall stay, until the determination of the [ITC] becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the [ITC], but only if such request is made within –
>
> > **(1)** 30 days after the party is named as a respondent in the proceeding before the [ITC], or
> >
> > **(2)** 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a). *See e.g., Proxim Inc. v. 3COM Corp. et al.*, 2003 WL 403348, *1 (D. Del. Feb. 21, 2003) (noting that "[g]iven the fact that [defendant] was also a respondent in an action brought before the ITC by plaintiff related to the same technologies, the court was required to stay this action pursuant to 28 U.S.C. § 1659"); *Universal Tool and Stamping Co. v. Ventra Group*, No. 1:97-CV-418, 46 U.S.P.Q. 2d 1799, 1998 WL 303298, *1 (N.D. Ind. Jan. 20, 1998) ("[A] stay must (the statute says 'shall') be entered since there is no dispute that the claims here and those before the [ITC] involve the same issues.").[1]

The patent infringement alleged in the present action by InterDigital against Samsung is the same as that alleged in the ITC Investigation. *See* Exhibit A. Samsung was named as a respondent in the ITC investigation on April 27, 2007. Thus, Samsung hereby requests, in a timely manner under the statute, a stay of this action by filing this Motion within the 30-day period required by the statute. Where, as here, Samsung files a timely request pursuant to 28 U.S.C. § 1659(a), the Court "shall stay" the

---

[1] In addition to the statutory mandate requiring a timely requested stay of a civil action that raises the same issues as pending ITC proceedings, district courts have "inherent authority to stay proceedings before them." *See Rohan ex. rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003).

3

civil action until the date that "the determination of the [ITC] becomes final." Accordingly, Samsung respectfully requests that this Court enter an Order staying this action in its entirety pursuant to 28 U.S.C. § 1659(a).

## CONCLUSION

Samsung respectfully requests that this Court stay the present action until the date that the determination of the ITC becomes final.

        ASHBY & GEDDES

        /s/ *John G. Day*

        Steven J. Balick (I.D. #2114)
        John G. Day (I.D. #2403)
        Lauren E. Maguire (I.D. #4261)
        500 Delaware Avenue, 8th Floor
        P.O. Box 1150
        Wilmington, Delaware 19899
        (302) 654-1888
        (302) 654-2067 (Fax)
        sbalick@ashby-geddes.com
        jday@ashby-geddes.com
        lmaguire@ashby-geddes.com

        *Attorneys for Defendants*

*Of Counsel:*

David Healey
Weil, Gotshal & Manges LLP
700 Louisiana Street
Suite 1600
Houston, Texas 77002
(713) 446-5000
(713) 224-9511 (Fax)

Dated: May 19, 2007
180678.1

4